IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EFFECTIVE EXPLORATION, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>CLASSIC OPERATING CO., LLC<br><br>     Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Effective Exploration, LLC ("Effective Exploration"), by way of its Complaint against Classic Operating Co., LLC ("Classic" or "Defendant"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

**THE PARTIES**

2. Plaintiff Effective Exploration is a limited liability company organized under the laws of the State of Texas with a place of business at 555 Republic Drive., Suite 200, Plano, Texas 75084.

3. On information and belief, Defendant Classic is a limited liability company organized under the laws of the State of Delaware.  Classic is doing business in the State of Texas and has a registered agent in the State of Texas at 1301 McKinney Street, Suite 2100, Houston, Texas.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.


5. This Court has personal jurisdiction over Classic because it has ongoing and systematic contacts with this District and the United States. Specifically, Defendant is doing business in the State of Texas and has a registered agent for service of process in Texas. Moreover, the infringing conduct takes place in this District, and Defendant has thereby availed itself of the privileges and the protections of the laws of the State of Texas and this Judicial District.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,813,840

7. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 6 as though fully set forth herein.

8. On August 26, 2014, United States Patent No. 8,813,840 ("the '840 Patent"), entitled "METHOD AND SYSTEM FOR ACCESSING SUBTERRANEAN DEPOSITS FROM THE SURFACE AND TOOLS THEREFOR," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '840 Patent is attached as Exhibit A to this Complaint.

9. Effective Exploration is the assignee and owner of the right, title and interest in the '840 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

10. Defendant has been directly infringing and continues to directly infringe one or more claims of the '840 Patent in the United States through at least its operation of oil and gas wells throughout the United States in violation of 35 U.S.C. § 271(a), including, but not limited to, the following wells (identified by API numbers): 423658059, 4236537824, 236537826, and

4236537825, or any combination of four or more horizontal wells, which are located on the same drilling pad at the surface, have non-common surface locations on the drilling pad, have a wellbore extending from the surface comprising a substantially vertical portion extending into a subterranean zone comprising shale and a substantially horizontal drainage bore extending from the substantially vertical portion, and where each well produces a fluid to the surface ("Accused Wells").

11.     Defendant was made aware of the '840 Patent and its infringement thereof at least as early as the filing of this Complaint.

12.     Because of Defendant's infringement of the '840 Patent, Plaintiff has suffered damages and will continue to suffer damages in the future.  Plaintiff is entitled to an award of such damages in an amount to be determined at trial, but in no event less than a reasonable royalty.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Effective Exploration, LLC respectfully demands entry of judgment against Defendant Classic as follows:

A.     finding that Defendant has infringed one or more claims of the '840 Patent;

B.     permanently enjoining and restraining Defendant, its agents, affiliates, subsidiaries, servants, employees, officers, directors, attorneys, and those persons in active concert with or controlled by Defendant from further infringing the '840 Patent;

      C.    awarding Plaintiff damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '840 Patent and any continuing or future infringement of the '840 Patent through the date such judgment is entered, together with pre-judgment and post-judgment interest, costs and expenses as justified under 35 U.S.C. § 284;

      D.    a declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

      E.    ordering an accounting of all infringing acts including, but not limited to, those acts not presented at trial and an award of damages to Plaintiff for any such acts; and

      F.    awarding such other and further relief at law or in equity as the Court deems just and proper.

Dated:  August 28, 2014

*/s/ Steven R. Daniels*
Steven R. Daniels
Texas State Bar No. 24025318
LEAD ATTORNEY
Gary R. Sorden
Texas State Bar No. 24066124
FARNEY DANIELS PC
800 South Austin Ave., Suite 200
Georgetown, Texas 78626
Telephone:  (512) 582-2828

*Attorneys for Plaintiff*
*Effective Exploration, LLC*